TRAIS FERNANDEZ HAIRE,

        Plaintiff,

v.                                       Case No. 23-C-912

WAUPUN CORRECTIONAL INSTITUTION, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Trais Fernandez Haire, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Plaintiff paid the civil case filing fee in full on July 27, 2023. This matter comes before the Court for screening of the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be

at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Waupun Correctional Institution. Dkt. No. 1. Defendants are the Waupun Correctional Institution, Lt. Burns, Lt. Stanrec, Capt. Westra, CO Penigar, CO Burgett, and Sgt. Reynolds. *Id*. at 1.

Plaintiff's cellmate, inmate Lemons, is a prisoner with a long history of mental health issues, drug abuse, and physically abusive behavior at the institution. *Id*. at 3. On the evening of December 29, 2022, inmate Lemons got high on Heroin, Meth, Cocaine, and K-2. *Id*. The following morning, on December 30, 2022, at around 8:00 a.m., while inmate Lemons was still high, agitated, and suicidal, he asked Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds to

restrain him and take him to the mental ward. *Id*. at 2. Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds stood around their cell for about 15 minutes, did nothing, then left. *Id*. After pacing the floor for another 15 minutes, inmate Lemons brutally attacked Plaintiff while he was watching TV in his bed. *Id*. at 3. He slammed Plaintiff's head against the metal bedframe, leaving a giant gash in his head. *Id*. He also hit Plaintiff in the face with a closed fist several times, giving him a bloody nose and a swollen eye. *Id*. Plaintiff states that, given inmate Lemon's long history of mental health issues, drug abuse, and physically abusive behavior at the institution, someone should have immediately removed him from their cell upon encountering him high, agitated, and requesting to be restrained. *Id*. at 2-3. For relief, Plaintiff seeks monetary damages. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asks to proceed on an Eighth Amendment failure to protect claim, along with a state law negligence claim. Dkt. No. 1 at 3.

The Eighth Amendment requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. *See Farmer v. Brennan,* 511 U.S. 825, 833-34 (1994). Prison officials who do not protect one incarcerated individual from another may be found liable under the Eighth Amendment if two requirements are met: first, the incarcerated individual must have been exposed to a risk of objectively serious harm, and second, the prison official must have had actual knowledge of that risk and responded with deliberate indifference. *See LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020). Typically, a claim asserting that a

3

defendant failed to take protective action requires that a prisoner-plaintiff complained of a feared threat posed by another prisoner. *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). However, "deliberate indifference can [also] be predicated upon knowledge of a victim's particular vulnerability (though the identity of the ultimate assailant is not known in advance of attack), or, in the alternative, an assailant's predatory nature (though the identity of the ultimate victim is not known in advance of attack)." *Id*. at 915.

Plaintiff alleges that Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds were aware of the serious risk of harm inmate Lemons posed on December 30, 2022 because they knew about his long history of mental health issues, drug abuse, and violent behavior; and they saw him high on drugs, agitated, and pacing around his cell, asking to be restrained that morning. Rather than immediately removing inmate Lemons from the cell when he asked to be restrained, they did nothing and left, leaving Plaintiff to face his violent, agitated, and high cellmate on his own. At this stage of the litigation, the facts alleged are sufficient to support the inference that Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds may have been deliberately indifferent towards a substantial risk of serious harm based on inmate Lemon's allegedly known violent nature, coupled with his specific behavior that morning. Accordingly, Plaintiff may proceed on an Eighth Amendment failure to protect claim in connection with the December 30, 2022 incident at the Waupun Correctional Institution. Plaintiff may also proceed with a supplemental state law negligence claim against Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds arising out of the same facts. *See* 28 U.S.C. §1367. However, the Court will dismiss the Waupun Correctional Institution from the case because it is a building and not a "person" capable of being sued under §1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("a building is not a person capable of being sued under §1983.").

## Conclusion

The Court finds that Plaintiff may proceed on an Eighth Amendment failure to protect claim, along with a supplemental state law negligence claim, against Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds in connection with the December 30, 2022 incident at the Waupun Correctional Institution.

**IT IS THEREFORE ORDERED** that the Waupun Correctional Institution is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Burns, Stanrec, Westra, Penigar, Burgett, and Reynolds shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this <u>15th</u> day of August, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge